IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARFIZQI FAUZI                                                    PLAINTIFF

v.                                              Civil No.: 1:14cv83-HSO-RHW

ROYAL HOSPITALITY SERVICES, LLC                       DEFENDANT

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.  After consideration of the record in this case and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

A.    Factual Background

Plaintiff is originally from Indonesia.  Plaintiff alleges that he was a victim of labor trafficking when he came to the United States and became employed by Defendant Royal Hospitality Services ("RHS").  Am. Compl. [271].  On October 28, 2011, Plaintiff and over fifty other foreign nationals claiming to be victims of labor trafficking filed an original Complaint [1] against Defendants Michael V. Lombardi, U.S. Opportunities, LLC, RHS, and the Beau Rivage.  Plaintiffs also sued twelve other named Defendants, but later voluntarily dismissed the claims against those Defendants.

RHS answered [57] the original Complaint on April 2, 2012, and filed several other pleadings including a Motion to Dismiss for Lack of Jurisdiction [59] on July 3, 2012, and a Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery

Responses [131] on May 29, 2013.  On February 25, 2014, the Court entered an Order of Severance [270], finding that although the various Plaintiffs' claims were superficially similar, "the transactions and occurrences which give rise to their purported claims are predominantly individualized and will require individualized proof, both as to liability and damages." Order of Severance [270], at 2–3.

Following severance, Plaintiff in this case filed an Amended Complaint [271], alleging claims against RHS and others for violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589–90, 1594–95 ("TVPRA"), and the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA").  Less than one month after the Amended Complaint was filed, counsel for RHS moved the Court for permission to withdraw, claiming that RHS had failed to pay legal fees and that counsel had been "unable to locate the Defendant."  Mot. to Withdraw [273].  The Magistrate Judge granted the Motion to Withdraw and permitted RHS "until June 20, 2014, to have new counsel enter an appearance on its behalf, failing which this Defendant is warned that it may be subject to sanctions up to and including default judgment." Order Granting Mot. to Withdraw [274].  Since the time of its counsel's withdrawal from this matter roughly two years ago, RHS has failed to retain new counsel or respond to any pleadings.

Plaintiff's claims against all other Defendants have been dismissed, and on December 18, 2015, the Court directed Plaintiff, who is represented by counsel, to submit a motion for default judgment containing an individualized calculation of

money damages based on record evidence by no later than January 18, 2016.  Order [315].  By April 18, 2016, Plaintiff had still not filed a motion for default.  The Court entered an Order [316] to show cause on April 18, 2016, directing Plaintiff to comply with the Court's directive and file a motion for default judgment no later than May 18, 2016.  Plaintiff was warned that failure to timely comply with the Court's order would result in dismissal of this case without further notice for failure to prosecute or to comply with the Court's orders.  Order [316].  This second deadline has also passed, and no motion for default judgment has been filed.

## II.  DISCUSSION

This Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash Railroad*, 370 U.S. 626, 630–31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 630–31.

This matter has now been on the Court's docket, in one form or another, for over four years.  Plaintiff has not complied with two of the Court's orders to submit a motion for default judgment, even after being warned that failure to do so may

result in dismissal of the case.  *See* Order [316].  Such inaction presents a clear record of delay or lack of interest by Plaintiff.  It is apparent to the Court that Plaintiff no longer wishes to pursue this lawsuit.  Dismissal without prejudice is warranted.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 6th day of June, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

4